**KANTAROF et al. v. ORSECKI et al.**

United States District Court
S. D. New York.

Jan. 30, 1952.

Julius Berman, New York City, for plaintiff.

William G. Birmingham, Liberty, N. Y., for defendant.

WEINFELD, District Judge.

The defendant, Town of Liberty, in this action to recover damages for personal injuries due to negligence, Federal jurisdiction resting on diversity of citizenship, moves to dismiss for lack of jurisdiction and the insufficiency of the complaint, and for summary judgment in its favor.

The challenge of jurisdiction rests on a provision of the Town Law of the State of New York, McKinney's Consol.Laws, c. 62, § 66, that the place of trial of all actions against a town shall be the county in which the town is situated. It is unnecessary to consider the effect of this statute since the Court has reached the conclusion that the motion for summary judgment dismissing the complaint must be granted.

It appears from the complaint, the notice of claim served on the moving defendant and from the answering affidavit of the plaintiff's attorney on this motion, that the accident is claimed to have been caused by the defective condition said to have been maintained by the moving town. The liability of the defendant town is governed

by Section 215 of the Highway Law of the State of New York, McKinney's Consol.Laws, .c. 25, which reads: "2. No civil action shall be maintained against any town or town superintendent of highways for damages or injuries to person or property sustained by reason of any defect in its sidewalks or in consequence of the existence of snow or ice upon any of its sidewalks, unless such sidewalks have been constructed or are maintained by the town or the superintendent of highways of the town pursuant to statute, nor shall any action be maintained for damages or injuries to person or property sustained by reason of such defect or in consequence of such existence of snow or ice unless written notice thereof, specifying the particular place, was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause such defect to be remedied, such snow or ice to be removed, or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice."

Though the complaint does allege that the sidewalk at which the accident occurred was maintained by the Town of Liberty, it fails to state that the written notice prescribed by the section just quoted was given to the town clerk or town superintendent of highways. The statute conditions the right to maintain the action against the town on the presence of both construction or maintenance and written notice. The moving affidavits made by officials of the town, moreover, show affirmatively that the sidewalk was, in fact, neither constructed nor maintained by the town, and also that no notice of the defect complained of was ever received. The plaintiff has not controverted these facts. In the circumstances, these statements by responsible public officers must be accepted as established. It follows that under the statute the Town of Liberty is not liable, Rupert v. Town of West Seneca, 293 N.Y. 421, 57 N.E.2d 741, and that the action against it does not lie.

Accordingly, the motion for summary judgment is granted.

Settle order on notice.